### 11585

#### STATE v. HOOVER *ET AL.*

#### (125 S. E., 30)

JURY—SOLICITOR COULD OBJECT TO ORIGINALLY DRAWN JUROR AFTER PANEL HAD BEEN REFILLED, NOTWITHSTANDING FORMER FAILURE TO OBJECT.—Solicitor's failure to object to one of the twelve jurors originally drawn, when presented to Solicitor for objections, did not preclude him from objecting to such juror after defendants had exercised several of their objections, and panel had been refilled.

Before FEATHERSTONE, J., Barnwell, December Term, 1923. Affirmed.

Joe Hoover and Estein Kinard were convicted of violating the prohibition law and they appeal.

*Messrs. Brown* and *Bush,* for appellants.

*Mr. R. L. Gunter, Solicitor,* for the State.

October 25, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"At the December term, 1923, of the Court of General Sessions for Barnwell County, the defendants, Joe Hoover and Estein Kinard, were tried upon an indictment, charging them with violation of the prohibition law. In the drawing

of the jury in this case the jury box was filled, and among the said jurors was one Isadore Brown. The Clerk of Court presented the jurors to the Solicitor, and asked if he had any objection. The Solicitor stated that he had no objection. They were then presented to the defendants, and two or three objections were made by the defendants, and the jurors excused. Other names were drawn as the objections by the defendants were made, and the jury again presented each time to the Solicitor by the Clerk to make objections. He made no objections, until finally when the jury was presented to the Solicitor for the last time he made objection to the juror Isadore Brown, who was on the jury when the panel was first presented. The defendant objected to the Solicitor being allowed to challenge said juror, upon the ground that the said juror was one of the original twelve drawn in the box to whom the Solicitor had announced that he had no objections, and after the defendants had exhausted several of their challenges. The objection was overruled, and the juror was excused. Another juror was drawn, and the case proceeded to trial. The defendants were convicted and sentenced by the Court. A motion for a new trial was made and refused, and notice of intention to appeal to the Supreme Court was duly given."

The exception is as follows:

"I. That his Honor, the presiding Judge, erred in permitting the Solicitor over the objection of the defendants to exercise an objection to and have excused the juror Isadore Brown, after the said juror had been several times presented to the Solicitor for objection, and no objection had been made, and after the defendants had exercised several of their objections, and the panel had been refilled."

The exception is overruled under the case of the *State v. Fullbright,* 88 S. C., 126; 70 S. E., 445. In that case Mr. Justice Hydrick says:

"When first called upon, the Solicitor responded, 'No objection.' The defendant challenged one, whose place was

filled, and so a second juror was challenged and his place filled, each time the Solicitor announcing, 'No objection," until the defendant challenged a third juror.  When called upon the fourth time, the Solicitor challenged one of the twelve originally presented.  The defendant objected, on the ground that the juror challenged had already been accepted, and that, by passing them, the Solicitor had waived the right to challenge any of the jurors, except the one last drawn.  The objection was overruled.  The ruling was correct.  By refusing to challenge when called upon the first, second, and third times, the Solicitor must be understood to have expressed himself as satisfied with the jury, as then constituted; but that could not have been construed to mean that he would be satisfied with it, when differently constituted, as the result of the defendant's succeeding challenge.  There is no provision of law which forbids either party challenging any juror, for cause or peremptorily, unless his right of peremptory challenge has been exhausted, until the jury has been finally accepted and sworn."

Judgment affirmed.

Mr. Chief Justice Gary not participating.

Messrs. Justices Fraser, Cothran and Marion concur.